Keith A Call (USB 6708)
Sarah W. Matthews (USB 13295)
Tenley H. Schofield (USB 15253)
**SNOW CHRISTENSEN & MARTINEAU**
10 Exchange Place, 11th Floor
Salt Lake City, UT 84111
Tel. (801) 521-9000
Fax (801) 363-0400
kcall@scmlaw.com
swm@scmlaw.com
ths@scmlaw.com

*Attorneys for Plaintiff Action Target, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACTION TARGET INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RANGE STRATEGIES, LLC, a Nevada Limited Liability Company; PAUL LAFRANCE, an individual; and DOES 1-5,<br><br>Defendants. | **COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>**(Jury Demanded)**<br><br>**Case No:**<br><br>**Judge:** |

Plaintiff, Action Target Inc., by and through its undersigned counsel of record, hereby submits its Complaint For Injunctive Relief against Defendants RANGE STRATEGIES, LLC, a Nevada Limited Liability Company; PAUL LAFRANCE, an individual; and DOES 1-5, (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff Action Target Inc. ("Action Target") is a Delaware corporation having a principal place of business in Provo, Utah.

2. Defendant Paul LaFrance ("LaFrance") is an individual who, on information and belief, resides in Montpelier, VA.

3. Upon information and belief, Defendant Range Strategies, LLC ("Range Strategies") is a Nevada limited liability company having a business address in Glen Allen, Virginia.

4. Upon information and belief, the actions taken by LaFrance as alleged in this Complaint were taken either as an employee acting within the scope of his employment, or an agent of Range Strategies acting within the scope of his agency. Range Stategies is vicariously liable for the actions of LaFrance as alleged in this Complaint.

5. On information and belief, Does 1-5 are individuals or entities that have engaged in conduct described herein whose identities are not currently known to Plaintiff.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 (patent infringement), 284 (willful patent infringement), and 283 (injunctive relief for patent infringement); and also for related causes of action under Utah state law, unfair competition, unfair trade practices, and misappropriation. This Court has jurisdiction over the patent and unfair competition claims under 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over the Utah state law claims under § 1367 because this case arises under the patent and trademark laws of the United States and because Plaintiff's state law claims are sufficiently related thereto. The Court

also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over the Defendants. Defendants have transacted business in the State of Utah and have caused injury and damages in the State of Utah. Among other things, Defendant LaFrance has, by agreement, consented to the personal jurisdiction of this Court, and has committed acts through Defendant Range Strategies that give rise to claims under the agreement.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because the agreement alleged herein was signed in Utah. Further, the agreement alleged herein provides for consent to exclusive venue and jurisdiction in Utah.

## GENERAL ALLEGATIONS

9. Plaintiff Action Target specializes in the design and manufacture of bullet traps, shooting range targets, and other firearm range supplies.

10. Action Target sells its products throughout the United States and in several foreign countries.

11. Action Target's customers include federal, state, and local governments, as well as private shooting ranges.

12. Action Target has spent substantial amounts of time and money in developing and commercializing their bullet traps, targets, and other firearm range supplies to improve training and safety in the use of firearms.

13. Action Target has revolutionized the shooting range industry by introducing many popular pieces of range equipment, such as dueling trees for target shooting. Because of their innovation and distinctive design, Action Target's products have been well-received in the marketplace and Action Target is considered a leader in the industry.

14. Action Target's innovative achievements have resulted in significant intellectual property protection, including procuring approximately 50 patents, as well as trademarks, copyrights, and trade secret information.

15. Action Target also continues to develop new products for the shooting range industry.

16. On February 7, 2006, the United States Patent and Trademark Office issued U.S. Patent No. 6,994,348, entitled "Dueling Tree." The inventors are Spencer Lambert, Thomas Marshall, and Kyle Burdette, and the assignee of the entire interest in the patent is Action Target. A true and correct copy of the '348 Patent is attached hereto as Exhibit A and expressly incorporated herein.

17. Action Target owns all right, title, and interest in the '348 Patent. Action Target manufactures and sells portable dueling trees in accordance with the principles described in the '348 Patent. Action Target does not license the patent or grant any other rights to others to practice the claims of the patent.

18. The scope of the claims of the '348 Patent cover forward-tilting dueling trees, which are upright supports having targets attached at intervals. When struck by a bullet, the target rotates to the other side of the upright support. A pair of shooters may jointly fire at a

dueling tree, each attempting to rotate all the targets to the opponent shooter's side of the upright support.

19. The forward tilt of the dueling tree ensures that the targets do not become stuck in a rear position, or bounce back to the incorrect side of the upright support. This benefit is cited as a selling point on Defendants' website, as Defendants assert "our dueling trees all have a 15 degree forward tilt to ensure the target plates don't ever get stuck in the rear position." A screenshot of the website is attached as Exhibit B.

20. The '348 Patent is valid and enforceable.

21. Action Target's dueling trees are properly marked with "U.S. Patent 6,994,348."

22. Action Target invested substantial time, money, and intellectual capital into obtaining the '348 patent. The '348 patent, combined with Action Target's superior technology, visual appeal, marketing, and pricing, have helped Action Target distinguish itself in the market and become an industry leader.

23. In order to perform sales and installation work, Action Target's employees have access to confidential information of Action Target including, but not limited to, information regarding the construction and design of Action Target's products, its clients, pricing models, range plans, and other confidential information.

24. Because Action Target's employees must work closely with Action Target's proprietary technology and its customers, employees are required to enter into agreements with Action Target containing non-disclosure, non-solicitation, and non-compete provisions as a condition of being retained by Action Target.

25. On or around the 2nd of April, 2013, Paul LaFrance entered into a Confidentiality, Invention, and Non Competition Agreement ("Agreement") with Action Target which had non-disclosure, non-solicitation, and non-compete provisions. The Agreement further contains a choice of law provision and consent to jurisdiction provision. A true and correct copy of the Agreement is attached as Exhibit C.

26. LaFrance signed the Agreement.

27. Section 4 of the Agreement provides, "For a period of twenty-four (24) months after the termination of Employee's employment or independent contracting relationship with ATI, Employee, on behalf of himself or any other person or entity, will not compete, directly or indirectly in any matter or area in which ATI or its affiliates do or did scientific, technological or product research or product research, development, manufacturing, business development, sales, or marketing during the period of Employee's employment or independent contracting relationship with ATI."

28. During at least the period of LaFrance's employment with Action Target, Action Target was and is engaged in the development, sales, and marketing of targets, including dueling trees.

29. Section 9 of the Agreement provides, "Should Employee breach or threaten to breach any of the obligations contained in this Agreement, ATI shall be entitled to obtain an injunction compelling the cure of such breach or threatened breach and for the specific performance of the obligations of this Agreement, in addition to any other action for damages or other relief which may be available to ATI. Employee shall, in addition to any damages which may result from such breach, pay to ATI the costs, including reasonable attorneys' fees, incurred

by ATI in curing such breach or threatened breach or in enforcing the terms and conditions of this Agreement."

30. As an employee of Action Target, LaFrance acquired confidential information regarding, *inter alia*, Action Target's customers and individual customer contacts, pricing structure, itemized pricing for individual services, proposed services and products, and methods of manufacturing and installing Action Target's specialized target equipment.

31. LaFrance continued working for Action Target until approximately July of 2015.

32. During the term of LaFrance's employment with Action Target and despite the contractual provisions barring LaFrance from competing with Action Target, on or around April 13, 2015, LaFrance established Range Strategies, LLC.

33. Range Strategies is a direct competitor of Action Target and makes shooting range targets, including forward-tilting dueling trees and the like. A screenshot of Defendants' website, showing forward-tilting dueling trees, is attached as Exhibit B.

34. Defendants are using Action Target's intellectual property in order to directly compete with Action Target.

35. This direct competition is in violation of the contractual provisions of LaFrance's Agreement.

## FIRST CAUSE OF ACTION

### Infringement of the '348 patent

36. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if set forth fully herein.

37. Action Target is the exclusive owner and assignee of all right, title and interest in and to U.S. Patent 6,994,348 ("the '348 Patent"), entitled "Dueling Tree."

38. LaFrance and Range Strategies have infringed and are continuing to infringe one or more claims of the '348 Patent by making, using, selling, or offering to sell products, including forward-tilting dueling trees, that embody the patented invention, and Defendants will continue to do so unless enjoined by this Court.

39. Defendant LaFrance worked closely with Action Target's equipment, and had at least constructive notice that Action Target's dueling trees were marked.

40. Defendants' activities directly infringe, induce infringement and/or contribute to infringement of at least one claim of the '348 Patent without authority or license from Action Target, and in violation of Action Target's rights, either literally or under the doctrine of equivalents.

41. Defendants' infringement of Action Target's rights in the '348 Patent has caused Action Target irreparable injury, entitling Action Target to preliminary and permanent injunctive relief under both 35 U.S.C. § 283 and the terms of LaFrance's Agreement with Action Target.

42. Defendants' infringing activities entitle Action Target to an award of damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by LaFrance, together with interest and costs.

43. LaFrance's infringing activities are willful, entitling Action Target to increased damages and attorneys' fees under both 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION

### Breach of Contract

44. Plaintiff hereby re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

45. LaFrance executed a binding Agreement that included non-competition, non-disclosure, and non-solicitation provisions that applied to the time period that LaFrance was an employee of Action Target and for two years thereafter.

46. The Agreement further included a presumption of ownership clause, presumptively entitling Action Target to any shooting range equipment inventions, ideas, designs, and discoveries disclosed by LaFrance both during LaFrance's employment and for a period of twelve months thereafter.

47. Despite the agreement with Action Target, LaFrance started a competing business with which to engage in competition with Action Target.

48. LaFrance, through his actions as set forth herein, breached the Agreement in several material respects, including, but not limited to: by making use of Action Target's intellectual property, including the '348 patent; by using such information to Defendants' own advantage; by competing with Action Target during the period of the non-competition clause; and on information and belief, by soliciting customers and potential customers of Action Target.

49. As a direct and proximate result of the Defendants' breaches, Action Target has suffered substantial damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Misappropriation of Trade Secrets under the Utah Uniform Trade Secrets Act, Utah Code Ann. § 13-24-1, et seq.

50. Plaintiff hereby re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

51. On information and belief, Defendants have acquired the trade secrets of Action Target through improper means, including the breach of a duty to maintain secrecy.

52. Action Target has expended substantial resources in developing its trade secrets and confidential information for its exclusive benefit. Action Target uses reasonable efforts to maintain the secrecy of its confidential information, including the use of non-disclosure agreements. Action Target's trade secrets and confidential information derive economic value from the fact that they are neither generally known nor readily ascertainable by proper means by any third parties.

53. As a direct and proximate result of Defendants' misappropriation of trade secrets, Action Target has suffered, and will continue to suffer, irreparable harm. Under Utah Code § 13-24-3, Action Target is entitled to injunctive relief against Defendants.

54. As a direct and proximate result of Defendants' misappropriation of trade secrets, Action Target has suffered substantial damages, the precise amount of which will be determined at trial.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment – Common Law

55. Plaintiff hereby re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

56. Action Target has expended considerable time and resources developing its products, trademarks, patents, and customer lists.

57. On information and belief, Defendants were aware of the benefit of using Action Target's intellectual property and business connections, and sought to acquire these benefits for themselves.

58. By appropriating Action Target's intellectual property without permission of or compensation to Action Target, the Defendants have been unjustly enriched.

59. By reason of the forgoing, Action Target is entitled to recover damages for unjust enrichment from each Defendant in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Intentional Interference with Contract – Common Law

60. Plaintiff hereby re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

61. Defendant Range Strategies is engaged in competition with Action Target.

62. Range Strategies hired, employed, or otherwise engaged LaFrance during a period of time in which LaFrance was a party to the Agreement with Action Target.

63. The Agreement is valid and binding.

64. Range Strategies, by and through its manager LaFrance, knew or should have known of LaFrance's Agreement with Action Target.

65. By reason of the foregoing, Range Strategies induced LaFrance to breach his Agreement with Action Target, and thereby intentionally interfered with Action Target's contractual relationship with LaFrance.

66. Range Strategies' actions have been performed by improper means, including, without limitation, knowing inducement for LaFrance to breach the Agreement, unfair competition, misuse of Action Target's confidential information and trade secrets, and violation of Action Target's patent rights.

67. As a proximate result of Range Strategies' actions, Action Target has suffered and continues to suffer damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Unfair Competition – Common Law

68. Plaintiff hereby re-alleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

69. Defendant LaFrance, by virtue of his employment with Action Target, had access to Action Target's confidential information.

70. LaFrance's work for a direct competitor of Action Target has resulted, or will inevitably result, in the disclosure of Action Target's confidential information.

71. As a proximate result of the foregoing, Action Target has suffered and continues to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Action Target prays for judgment against the Defendants as follows:

A. A preliminary and permanent injunction against Defendants and their respective officers, agents, servants, employees, attorneys, parent and subsidiary companies, assigns and successors in interest, and those persons in active concert or participation with one or any of them, enjoining them from infringement, inducement of infringement, and contributory

infringement of each and every one of the '348 Patent claims, including, but not limited to, an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products that infringe one or more of the '348 Patent claims;

      B.      Enjoining the Defendants, and all other persons participating or acting in concert with them, from making, using, or installing targets for Action Target's current or potential customers for a period of two years from the date of the order entering the injunction;

      C.      Enjoining the Defendants from using or retaining any of Action Target's trade secrets or confidential information, including any information about Action Target's customers;

      D.      Ordering Defendants to immediately return to Action Target all company property, as well as copies of the Company's documents, electronic files, and information;

      E.      Awarding to Action Target its actual and compensatory damages and awarding punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs;

      F.      Enjoining Defendant LaFrance and any business employing LaFrance or owned by LaFrance from competing with Action Target, using or disclosing Action Target's confidential or trade secret information, or soliciting Action Target's customers or employees, as required by LaFrance's non-competition, nondisclosure, and non-solicitation agreement;

      G.      Ordering Defendants to disgorge to Action Target any revenues, income, or profits earned by any of them from the above-mentioned infringing activity;

      H.      Ordering an award of triple damages for willful infringement under 35 U.S.C. §§ 284 and 285;

I. Ordering each Defendant to prepare an accounting of all proceeds generated by the manufacture, installation, or use of infringing goods or equipment;

J. Ordering Defendant LaFrance to transfer to Action Target all rights to any invention, idea, design, or discovery regarding shooting range equipment and disclosed to third parties within the time period set forth in the Agreement; and

K. Awarding such other and further relief as is just and equitable.

## JURY DEMAND

Action Target demands a trial by jury on all matters so triable.

DATED this 1st day of February, 2016.

**SNOW CHRISTENSEN & MARTINEAU**

By: /s/ Sarah W. Matthews
Keith A. Call
Sarah W. Matthews
Tenley H. Schofield
*Attorneys for Plaintiff Action Target Inc.*